IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN M. PRICE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL NO. 16-cv-730-NJR |
| | ) |
| | ) |
| L.D. BASLER, | ) |
| | ) |
|     Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff alleges that Basler retaliated against him after he protested Basler's treatment of another inmate and threatened to file formal grievances against him.

The case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and for consideration of Plaintiff's "Motion Requesting the Court to Grant Postponement or Reversal of Transfer of Federal Inmate Pending Conclusion of Civil Proceedings." (Doc. 5). The Court construes this motion as a request for a temporary restraining order ("TRO") or a request for other injunctive relief. (Doc. 5). Because Plaintiff seeks a TRO, the Court will immediately take up the case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The request for a TRO will be simultaneously considered along with the required preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this complaint is subject to dismissal.

## THE COMPLAINT

Plaintiff is currently incarcerated at United States Penitentiary Marion. (Doc. 1, p. 1). Plaintiff felt L.D. Basler, the N unit counselor at Marion, mistreated another inmate on May 3, 2016. (Doc. 1, p. 2, 5). Plaintiff went to Basler's office to confront him about it, and Basler said, "why don't I take you to the mop closet and show you how tough I am. I don't give a fuck how big you are." (Doc. 1, p. 5). Basler also called Plaintiff a "cho-mo," a derogatory term for child molester, and a "fag." (Doc. 1, p. 5). As a result of the incident, Plaintiff considered filing formal grievances against Basler. (Doc. 1, p. 5). Plaintiff alleges Basler found out that Plaintiff was going to take action against him. (Doc. 1, p. 5). Officer G. Williams, Basler's friend, wrote a falsified incident report against Plaintiff, alleging that Plaintiff threatened Basler on May 6, 2016. (Doc. 1, p. 6). Plaintiff was sent to the SHU as a result of the falsified disciplinary report

and put up for a disciplinary transfer. Plaintiff alleges that he is being transferred in retaliation for standing up for the other inmate and threatening to file a formal grievance.

Plaintiff attached the allegedly falsified disciplinary report to the complaint. The report alleges that Plaintiff told Officer G. Williams: "When I have the chance I will knock out Basler and fuck him in the ass!" (Doc. 1, p. 16). Plaintiff denied making that statement. (Doc. 1, p. 17). Plaintiff's staff representative told the hearing officer that Plaintiff actually said "If something is not done, I'm going to file with OIG. Since he is fucking with me, I'm going to fuck him." (Doc. 1, p. 17). Plaintiff also submitted a copy of his written complaint to OIG, in which he describes himself making the "Since he is fucking with me, I'm going to fuck with him" statement. (Doc. 1, p. 13).

## DISCUSSION

Previously, the Court divided the complaint into three counts and determined that Counts 2 and 3 should be severed into a new case. (Doc. 6). The only remaining Count in this case is a claim for retaliation set forth as follows:

> **Count 1**:   Basler retaliated against Plaintiff by arranging for another guard to write a false disciplinary report on him because Plaintiff criticized Basler's interactions with another inmate and threatened to file a grievance on Basler

To succeed on a First Amendment retaliation claim, a plaintiff must prove (1) that he engaged in conduct protected by the First Amendment; (2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those

charged with the retaliation on notice of the claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but he must provide the bare essentials of the claim. And, in a claim for retaliation, he also must plead the reason for the retaliation and the acts taken in an effort to retaliate. *Id.*

Here, Plaintiff has alleged that he was retaliated against because he threatened to file official grievances against Basler and because he took issue with Basler's conduct on behalf of another inmate. The threat to file a grievance cannot be the basis for a retaliation claim; Plaintiff must actually have filed the grievance. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("But it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance.") (emphasis in original). So Plaintiff's comments about filing a grievance cannot support a retaliation claim.

Plaintiff's comments to Basler about his fellow inmate also cannot support his retaliation claim. In *Turner v. Safley*, the Supreme Court articulated the penological interest test: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). The question is whether the speech at issue is consistent with legitimate penological objectives. *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009). Here, Plaintiff has alleged that he complained about an incident that happened to another inmate. He has not alleged that he actually witnessed the incident, which is distinguishable from the situation in *Bridges*. Plaintiff has no right to intervene in interactions between other inmates and guards that he deems problematic; it would be inconsistent with legitimate penological interests if prisoners were allowed to make complaints regarding the treatment of others. As Plaintiff's conduct cannot be considered protected speech, he has failed to state a claim upon which relief could be granted.

Even if he had, Plaintiff has alleged that other guards, not Basler, committed the actual acts of retaliation. Basler neither wrote the allegedly false disciplinary report nor imposed the discipline Plaintiff received. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff has not alleged that the retaliatory acts that Basler knew or approved of the disciplinary report. Plaintiff does not dispute that he made a comment regarding Basler to Williams, but Basler cannot be held responsible for the subject of the conversation between Plaintiff and Williams. It is an equally plausible reading of the complaint to infer that Williams acted on his own based on his personal preferences. Plaintiff's claim also fails for these reasons, and this action will be dismissed with prejudice.

## INJUNCTIVE RELIEF

As mentioned above, Plaintiff seeks issuance of a TRO, which is an order issued without notice to the party to be enjoined that may last no more than fourteen days. A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). The Court concludes that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendant can be heard*. In fact, Plaintiff has not alleged that he is in any danger whatsoever. Moreover, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and

their staff. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976).

Furthermore, Plaintiff is not entitled to injunctive relief of any kind. The United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original))**.** In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Here, the Court has determined that Plaintiff's underlying claims will be dismissed for failure to state a claim. His claims for injunctive relief must also fail because Plaintiff has no chance of success on the merits. Plaintiff would not be entitled to injunctive relief in any event because he has also failed to allege that there is no adequate remedy at law or that he will suffer irreparable harm. Plaintiff's motion merely states that the transfer is retaliatory and will slow his

attempts to pursue this case. (Doc. 5). Plaintiff has not alleged that he will not be able to pursue this case; only that it may be "slower." Plaintiff is free to request an extension of any deadline from the Court, should he be able to articulate a need for one. That is a sufficient remedy to address Plaintiff's concerns, and since that remedy is adequate, Plaintiff is not at risk for suffering irreparable harm. Therefore, Plaintiff would not be entitled to an injunction in any event, and his motion will be denied.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1** fails to state a claim upon which relief could be granted, and this action is **DISMISSED with prejudice**. Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). In addition, Plaintiff's "Motion Requesting the Court to Grant Postponement or Reversal of Transfer of Federal Inmate Pending Conclusion of Civil Proceedings" (Doc. 5) is **DENIED**.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be non-meritorious, Plaintiff may also incur another "strike."

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  July 20, 2016**

*/s/ Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**